## INGRAHAM v. PHILLIPS et al.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

Appeal from Trial Term, Suffolk County.

Action by Fred Ingraham against Fred L. Terry, as trustee, and others. From an order denying the motion of plaintiff and the defendant named for a new trial upon exceptions to a direction to the jury to answer certain questions in the negative, they appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and BURR, JJ.

Percy L. Housel, for appellants.

Henry W. Unger (James Kearney, on the brief), for respondent.

PER CURIAM. Order affirmed, with costs.

WOODWARD, J. (dissenting). This action is for the partition of certain premises in the town of Southampton, Suffolk county, and the particular point in controversy is whether an undivided one-sixth interest in said premises is owned by the defendant Wauhope Lynn, or by the defendant Fred L. Terry, as trustee of the estate of Edmund C. Phillips, a bankrupt.

On the 6th day of April, 1904, Edmund C. Phillips, one of the parties to this action, was seised and possessed in fee simple of the one-sixth interest in controversy, subject to the inchoate right of dower of his wife, the defendant Abbie Phillips. This fact is admitted by the pleadings. On that date there were three judgments outstanding against the defendant Phillips, and for the purpose of getting the relief offered by the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544, 545 [U. S. Comp. St. 1901, p. 3418]) Phillips on that day filed a petition in bankruptcy in the United States District Court for the Southern District of New York. This petition set forth the usual jurisdictional facts and contained the schedules in the form, and verified in the manner prescribed by the act of Congress and the general orders in bankruptcy, showing an entire absence of property, real and personal, of every nature and description, except certain personal property exempt under the provisions of the law, and specifically alleged that he had no real estate nor interest therein of any nature, character, or description. An order was entered adjudging Phillips a bankrupt, and the matter was referred to William G. Nichol, referee in bankruptcy, by an order of the court. Subsequently the referee in bankruptcy entered an order reciting that as the schedules of the bankrupt disclosed no assets, and as no creditors appeared at the first meeting, the appointment of a trustee of the bankrupt's estate was not then desirable, and dispensed therewith until the further order of the court. On a petition for a final discharge from all his debts, an order was duly entered on the 24th of June, 1904, discharging said Phillips from all debts provable against his estate on the 6th day of April, 1904. On the 2d day of May, 1908, the defendant Wauhope Lynn, with full and actual knowledge of all the facts above set forth, took and received from the said Edmund C. Phillips and wife a deed purporting to convey to said Wauhope Lynn all the right, title, and interest of said defendants in and to the premises in controversy in this action.

This action was commenced on the 17th day of April, 1908, and the deed so made was a conveyance pendente lite, and the defendants George E. Randall and the Cudahy Packing Company, judgment creditors, then learned of the fact that Phillips, in his bankruptcy proceeding, had suppressed the fact of his ownership in the real estate in question. These defendants, by their amended answers, set up these facts, and on the 26th day of June, 1908, George E. Randall presented to the United States District Court a petition setting forth the above facts relating to the suppression in the petition and proceedings previously had, and that his claims against the bankrupt's estate had not been paid and were still due and owing, and thereupon an order was made reopening the estate and referring it back to the referee in bankruptcy, to take such further proceedings as were required by the law. Such proceedings were taken, resulting in a creditors' meeting, at which the

claims of the judgment creditors were presented, and Fred L. Terry was elected trustee of the bankrupt estate. The trustee accepted the election and filed his bond, which was duly approved on the 15th day of July, 1908. The trustee was brought into the action by supplemental complaint, setting forth the facts by which it was claimed the title to the one-sixth interest in the premises heretofore owned by Phillips was vested in him as trustee, and the defendant Wauhope Lynn answered the supplemental complaint, denying the title of the trustee and setting up that he was seised in fee simple and possessed of said interest theretofore of Edmund C. Phillips and wife, under deed of said Phillips and wife, dated May 2, 1908.

It is plain from this recital of facts, which is not open to question, that the defendant Lynn stands in no better position than Phillips. He claims all his title through him, and to support the order made it must be determined that Phillips can, under the provisions of the bankruptcy law, take advantage of his own wrong, in violation of a fundamental principle of law. In Riggs v. Palmer, 115 N. Y. 506, 511, 22 N. E. 188, 5 L. R. A. 340, 12 Am. St. Rep. 819, it was said that:

"All laws, as well as all contracts, may be controlled in their operation and effect by general, fundamental maxims of the common law. No one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime. These maxims are dictated by public policy, have their foundation in universal law, administered in all civilized countries, and have nowhere been superseded by statutes."

When Phillips entered a court of bankruptcy, asking a favor, he was bound to accept the conditions imposed, and this vested the legal title to his property in the trustee to be appointed by the court. Conceding the truth of his testimony in the case at bar, that at the time of making the petition he believed that he was stating the truth, and that he did not then know that he owned any interest in this real property, he could innocently claim the advantages of the adjudication so long only as he believed the truth of that statement. When he knew to the contrary, he was perpetrating a fraud upon the court and upon his creditors by attempting to retain the benefits of an adjudication which was based upon a misrepresentation, and which ripened into an actual fraud, relating back to the original misrepresentation, by the effort to avail himself of the benefits without paying the consideration which the law exacts. By his petition Phillips submitted himself to the jurisdiction of the United States District Court. The court likewise took original jurisdiction of the estate; but the adjudication was made upon the facts recited in the petition, which showed that there was no occasion for the appointment of a trustee, and he was discharged on the facts as he had presented them to the court. When new facts came to light, when the court, under the authority of subdivision 8 of section 2 of the bankruptcy act, reopened the proceedings because it appeared that they were closed before being fully administered, there was, in legal effect, a new adjudication.

There had never been an adjudication of bankruptcy upon the estate of Phillips, because, while asking relief, he had concealed an im-

portant element of his estate from the court, and there was never a perfect adjudication until the court had before it all of the facts—until it had before it, not only Phillips and a part of his estate, but Phillips and all his estate. These elements were necessary to a complete adjudication, were necessary to the jurisdiction of the court to relieve the debtor from his obligations to creditors, and until all of the matters were brought, in that provision of subdivision "n" of section 57 of the bankruptcy act, that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication," did not commence to run until the estate was brought into the jurisdiction of the court in its entirety. The original adjudication and subsequent discharge of Phillips was a fraud upon the court. It had never adjudicated upon his entire estate. That was not before the court until the petition of George E. Randall brought it there in June, 1908; and, Phillips having prevented by his fraud—for he now seeks to avail himself of what he claims was originally a mistake—the adjudication in 1904 was never a perfect adjudication, having full jurisdiction, and neither he, nor one claiming under him, with full notice of this fraud, can claim the protection of this provision of the bankruptcy law in this court.

It does not seem to be necessary or profitable to attempt to harmonize the conflicting expressions of the federal courts upon this question, which may be determined upon principles, and the case of Page v. Waring, 76 N. Y. 463, does not pretend to deal with a case where the petitioner has deceived the court and prevented an actual adjudication. The question in that case was one of constructive notice, and the discussion was incidental to that, and it was held that it was not necessary for a bankrupt to include, in his schedules or otherwise, property which he had formerly owned, and in which he had for a long time ceased to have any interest. That is quite a different matter from neglecting to include property which he actually owns at the time of petitioning.

The order appealed from should be reversed, and a new trial granted; costs to abide the event.